UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:15-cv-00045-MOC

**NICANDRO RAMIREZ-CASTILLO,** )
)
        Petitioner, )
)
Vs. ) ORDER
)
**UNITED STATES OF AMERICA,** )
)
        Respondent. )

**THIS MATTER** is before the court on initial review of petitioner's Motion to Vacate/Correct Sentence (#1) and Motion to Hold § 2255 Motion in Abeyance (#2). The court has considered the pending motion and determined that, to the extent petitioner seeks relief under 28, United States Code, Section 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, an initial screening of the petition under the Rules Governing § 2255Proceedings, Rule 4(b) 28 U.S.C. §2255 is appropriate:

    1. The court finds that the petition has not been signed under penalty of perjury,[1] Rule 2(b)(5), Rules Governing Section 2255 Proceedings.

    2. The court finds that petitioner has not filed this action within one year of the Judgment (#18), filed in <u>United States v. Ramirez-Castillo</u>, 3:11cr327, becoming final. The court entered its Judgment July 3, 2013, and petitioner did not appeal, making the Judgment final more than a year before this civil action was filed January 27, 2015. District courts are "permitted, but not obliged, to consider, sua sponte, the timeliness of a state prisoner's habeas

---

[1] If petitioner has not signed his motion under penalty of perjury, petitioner shall do so within 14 days of receipt of this Order.

petition." Day v. McDonough, 547 U.S. 198, 209, 126 S.Ct. 1675, 164 L.Ed.2d 376 (2006); see also Eriline Co. S.A. v. Johnson, 440 F.3d 648, 655 (4th Cir.2006) (carving out habeas corpus petitions and in forma pauperis complaints as narrow circumstances to permit sua sponte consideration of statute of limitations when defense is clear on face of petition or complaint). Despite such discretion, the Court in Day Court further instructs that "before acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions." Day, 547 U.S. at 210. Consistent with Day, the Court of Appeals for the Fourth Circuit has indicated that courts must exercise caution in *sua sponte* dismissals of untimely petitions under the AEDPA. See McMillan v. Jarvis, 332 F.3d 244, 249 (4th Cir.2003); Butler v. South Carolina, 2012 WL 6093800, 3 (D.S.C.) (D.S.C. 2012). The court will not, therefore, take up the issue of timeliness at this point.

3. Next, the court has reviewed the petition to determine whether a colorable claim for relief has been asserted under § 2255(a). The court finds that no claim has been asserted that can be addressed under Section 2255.

Petitioner contends that, in sentencing him for illegal reenter, it was sentencing error for this court to assign 16 additional levels to his base offense level of 8 based on having been previously convicted of a drug trafficking offense for which he received a sentence of greater than 13 months. Specifically, the PSR indicated that defendant was sentenced to 2 years imprisonment for Possession of Marijuana for Sale on July 23, 1991. After finding that such conviction met the Guideline calling for such enhancement, USSG §2L1.2(b)(1)(A)(i), this court increased the offense level by 16. As he did in his objections to the PSR, petitioner here contends that it was sentencing error for the court to increase his offense level because he originally received only a five-day sentence and probation for such California drug offense and

that the two year sentence he actually received was based on a car-theft conviction, which the state court ran concurrent with the 5-day trafficking sentence.

According to the Final PSR, which the court adopted at sentencing, defendant was in fact sentenced to 2 years in custody for the drug trafficking conviction and at the same time was sentenced to two years imprisonment for Unlawful Taking of an Automobile, all such terms to run concurrently. Pretrial services made documentation supporting that finding available to petitioner's counsel. Finally, review of the criminal docket reveals that petitioner did not challenge his conviction and this court's sentence by way of direct appeal. Reading the petition in a light most favorable to petitioner, it appears that he is attempting to assert sentencing error as the basis for relief under Section 2255.

In arguing that the court should allow this challenge to go forward under Section 2255, petitioner cites Whiteside v. United States, 748 F.3d 541 (4th Cir. 2014). While petitioner is correct that the Court of Appeals for the Fourth Circuit determined in that panel decision that an erroneous application of the Guidelines career offender enhancement amounted to a fundamental miscarriage of justice that could be heard on collateral review, that decision is no longer good law. Petitioner fails to cite the appellate court's *en banc* decision in Whiteside v. United States, ___ F.3d ___, 2014 WL 7245453 (4th Cir. Dec. 19, 2014), which did not uphold the panel decision, but instead affirmed the district court's decision denying Whiteside relief under Section 2255. Id.; see also Whiteside v. United States, 2013 WL 2317693 (W.D.N.C. May 28, 2013) (holding that "[e]ven if the Court were to apply equitable tolling to Petitioner, he would still not be entitled to Simmons relief because he received a sentence that was within the statutory maximum sentence allowed" (citation omitted)).

The reason federal prisoners ordinarily cannot raise guidelines errors in applications for collateral relief is that 28 U.S.C. §2255, like the *habeas corpus* statute itself, provides a remedy only for jurisdictional errors, constitutional errors, and errors that amount "a fundamental defect which inherently results in a complete miscarriage of justice," Hill v. United States, 368 U.S. 424 (1962). On collateral review, this court lacks the power to order relief on the ground that a petitioner mistakenly received a §2L1.2(b)(1)(A)(i) enhancement because a sentence below the statutory maximum sentence is not one that is "imposed in violation of the Constitution or laws of the United States .…" 28 U.S.C. § 2255(a). Where a defendant is sentenced at or below the statutory maximum and complains of a sentencing error, and cannot prove actual innocence of his crime or that a prior conviction on which such sentence was based has been vacated, he cannot by necessity show that a sentencing error resulted in a complete miscarriage of justice. Thus, even where a defendant is erroneously treated by the court as a career offender or, as petitioner contends in this case, had his sentence enhanced based on a prior conviction, the court lacks authority under Section 2255 to right that alleged wrong because his sentence is a lawful one as it is within the statutory maximum provided by Congress. United States v. Powell, 691 F.3d 554, 562 n. 1 (4th Cir. 2012).

4. Finally, the court has reviewed the petition for any other cognizable contention. In the context of Section 2255, petitioner also contends that he received ineffective assistance of counsel because his attorney (1) failed to advise him how the decisions in Whiteside and Simmons applied to his case; and (2) failed to advise him "that filing … a Direct Appeal regarding the trial court's failure to … abide by those decisions [Whiteside and Simmons] regarding Movant's sentencing would be advisable." Petition (#1) at 10.

4

While petitioner has attempted to draw parallels between his case and that presented in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), there is absolutely no commonality between Simmons and this petitioner's case. Simmons involved a statutory enhancement under the ACCA, while petitioner's claim involves a Guidelines enhancement. The crucial difference between the two is that the ACCA took Simmons' sentence beyond the statutory maximum, while a Guidelines enhancement, such as that provided by §2L1.2(b)(1)(A)(i), is limited by the statutory maximum. Thus, while a Simmons violation can certainly be raised on collateral review, a Guidelines error cannot. More to the point, the statutory language under the ACCA, provided in 18 U.S.C. § 924(e)(1), requires an enhancement based on convictions for a "violent felony" or a "serious drug offense," while the Guidelines enhancement may be applied when the court determines that the person who has illegally reentered the country has a prior "drug trafficking offense for which the sentence imposed exceeded 13 months…." USSG §2L1.2(b)(1)(A)(i). Put another way, whether petitioner's drug trafficking offense was "serious" is not at issue under the advisory Guidelines, which provides for the objective inquiry of whether the "sentence imposed exceeded 13 months…." Id.

Thus, petitioner's claims of ineffective assistance of counsel appear to be patently frivolous as there can be no error in counsel failing to advise petitioner as to the impact of Simmons as that decision had absolutely no impact on application of the §2L1.2(b)(1)(A)(i) enhancement. Further, it cannot be error for counsel not to have advised petitioner in 2013 as to the panel decision in Whitesides as that decision did not issue until 2014, well after sentencing and the time for noting an appeal had run.

5.    Finally, petitioner has also asked the court to briefly vacate and then re-enter the Judgment to allow him an opportunity to file a direct appeal. He contends that counsel's errors,

which the court just discussed, are "tantamount to said counsel failing to file a Direct Appeal...." Petition (#1) at 10. While petitioner equates the failure to advise him as to Simmons or Whiteside as "failing to file a Direct Appeal," the court cannot make that leap in logic as the failure to provide a client with sound advice is not the same as failure to provide a client with bad advice. What is missing is a contention from petitioner that he asked his attorney to file an appeal on his behalf and that his attorney failed to comply with his request. Thus, this court is without a basis for making a determination that petitioner has "wrongly been denied the right to a direct appeal as the result of counsel's ineffective assistance...." United States v. Glover, 363 Fed.Appx. 989, 991 (4th Cir. Feb. 2, 2010).

6.      The court will not, however, deny this request outright, but afford petitioner the opportunity to clarify for the court whether he asked counsel to file an appeal on his behalf and whether that request was denied. Petitioner must file such clarification with this court in an affidavit or a declaration made under penalty of perjury within 14 days of receipt of this Order. If the court grants such request, the court will dismiss the Section 2255 petition without prejudice, making much of the discussion contained in this initial review -- which was necessary to a full understanding of petitioner's request for re-entry of the judgment -- moot.[2] Petitioner must also file a verification of the contents of his Petition (#1) as he did not sign the Petition under penalty of perjury, which may be accomplished in the same affidavit or declaration. The government will have 14 days from petitioner filing his affidavit or declaration to file any response it might have to petitioner's request to briefly vacate and re-enter the judgment.

**ORDER**

---

[2] In the event Judgment is re-entered and appeal is noted, the discussion contained herein is in no way intended to bind petitioner or any reviewing court as to the issues raised in the Petition.

**IT IS, THEREFORE, ORDERED** that petitioner file an affidavit or declaration within 14 days of receipt of this Order as instructed above and that the government file its response to petitioner's request to briefly vacate and re-impose the judgment within 14 days of the filing of such affidavit/declaration.

The Clerk of Court is instructed to remove the <u>Simmons</u> designation from ECF for this particular case.

Signed: February 3, 2015

Max O. Cogburn Jr.
United States District Judge