UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:15-cv-00045-MOC

| | | |
|---|---|---|
| **NICANDRO RAMIREZ-CASTILLO,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| Vs. | ) | MEMORANDUM OF DECISION |
| | ) | AND ORDER OF DISMISSAL |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Respondent. | ) | |

**THIS MATTER** is before the court on petitioner's Motion to Vacate, Set Aside, or Correct Sentence. After conducting an Initial Screening, the court entered an Order requiring the government to respond to the following issues fairly raised by petitioner: whether the court should briefly vacate and re-impose the Judgment based on counsel's failure to file an appeal. Other issues were raised by petitioner, but those claims were dismissed as being without merit for the reasons explained in the Initial Screening Order, Order (#3) at 1-6, which the court incorporates herein.

After petitioner verified his claims, the government filed its response and moved to dismiss the remaining claim, supporting its motion with a memorandum of law. After an initial consideration of that motion, the court entered an Order (#10) allowing petitioner until June 5, 2015, to file a reply. Upon petitioner's Motions (#s 11 & 13), the court granted petitioner two extensions of the Reply deadline, ultimately allowing petitioner until August 17, 2015, to file his Reply. Despite awaiting the Reply for more than seven days beyond that deadline, which the court finds would account for placement in a prisoner mail system at FCI Butner, the court has not received petitioner's Reply.

1

# FINDINGS AND CONCLUSIONS

Petitioner was initially arrested for possession with intent to sell/deliver marijuana after officers pulled his car over and found him in possession of a pound of marijuana, two and a half Xanax tablets, and $9,000 in cash. PSR ¶ 5. During his booking at the Mecklenburg County Jail, it was discovered that petitioner was not a United States citizen and that he had previously been ordered deported in 1992, 1994, and 2004. PSR ¶ 6. Further review of his criminal record revealed that petitioner had a 1990 California conviction for possession of marijuana for sale, for which he was sentenced to two years of imprisonment in 1991. Id. While petitioner initially received a sentence that was less than two years on the California offense, a two-year sentence was later imposed after petitioner violated the terms of probation. PSR ¶ 22.[1]

Based on such discovery, federal authorities adopted the state case and on October 18, 2011, petitioner was indicted on a single charge of being an alien found unlawfully in the United States after having previously been deported following conviction for an aggravated felony. Petitioner entered a plea of guilty without a written plea agreement and a PSR was completed.

In the PSR, pretrial services recommended a base offense level of eight, with a sixteen-level increase under U.S.S.G. § 2L1.2(b)(1)(A)(i) for petitioner having previously been deported after a conviction for a drug-trafficking offense for which the sentence imposed exceeded thirteen months. PSR ¶¶ 10-11. With an adjusted offense level of twenty-four and a three-level reduction for acceptance of responsibility, the total offense level was 21. PSR ¶¶ 17-19. Further driving the

---

[1] After citing difficulty in obtaining the California statute as a reason for a further extension, the court provided a copy of the California state of conviction to petitioner in its Order (#14). In turn, the California code provision provides, as follows:

> Except as otherwise provided in this division, every person who possesses for sale or purchases for purposes of sale cocaine base, which is specified in paragraph (1) of subdivision (f) of Section 11054, shall be punished by imprisonment pursuant to subdivision (h) of Section 1170 of the Penal Code for a period of two, three, or four years.

Cal. Health & Safety Code § 11351.5.

advisory guideline was a determination that petitioner had a criminal history category of VI. PSR ¶¶ 21-35. With a total offense level of 21 and a criminal history category of VI, the advisory guideline range was 77 to 96 months. After considering and denying petitioner's objection to the 16-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(i), the court sentenced petitioner at the bottom of the advisory guideline range to 77 months imprisonment. At the conclusion of sentencing, the court specifically advised petitioner of his right to appeal such sentence, the time within which he had to file a notice of appeal, and that he should discuss his appellate rights with his attorney. On July 3, 2013, this court entered its Judgment implementing the previously imposed sentence of 77 months imprisonment. Petitioner did not notice an appeal from such Judgment.

First, the government has moved to enforce the timeliness provisions of the statute by initially moving to dismiss the petition as time barred. Section 2255 provides for a one-year period of limitation. § 2255(f). This court's July 3, 2013, Judgment became final on July 17, 2013, making the January 27, 2015, filing of this action untimely. Petitioner concedes as much, but argues that the court's imposition of a 16-level enhancement creates a fundamental miscarriage of justice. Petitioner argues that he is actually innocent of the sentence he received in this court, which in turn relies on a challenge to the sentence he received in California in 1991. This argument provides petitioner with no avenue for relief inasmuch as the Fourth Circuit has held that a claim that a petitioner is actually innocent of his sentence does not support an exception to § 2255's statute of limitations. United States v. Jones, 758 F.3d 579, 586-87 (4th Cir. 2014), cert. denied, ___ U.S.___, 135 S. Ct. 1467 (2015). The only "actual innocence" exception to Section 2255's limitations period is actual innocence of the crime of conviction in this court, which is illegal reentry. Indeed,

petitioner entered a plea of guilty to that offense and his present petition does not challenge his conviction.   Thus, the petition is dismissed as untimely.

Second, in an abundance of caution, the court has considered in the alternative petitioner's claim that his trial attorney was ineffective for failing to notice an appeal on his behalf.   Again, this claim is time barred as petitioner failed to raise it within one year of his Judgment becoming final.   After initial review, the court allowed petitioner an opportunity to file an affidavit clarifying whether he asked his attorney to file a direct appeal.   Id. at 6.   In compliance with that Order, petitioner filed an affidavit in which he avers, as follows:

> Based on all the discussions I had with my privately retained counsel Mr. Malooney [sic] I assumed he realized I wanted a Direct Appeal of my sentence…. [counsel] never asked me whether I wanted such an appeal file[d] but if he had asked me such, I absolutely would have answered him 'Yes'....

Petitioner's Affidavit (#4).   In response, the government has submitted the affidavit of petitioner's trial counsel, Theodore A. Maloney.   Maloney Affidavit (#9-1).   In his affidavit, Mr. Maloney avers that he discussed the underlying concern of petitioner as to application of the California conviction to his sentence, that petitioner never stated to him he wanted to appeal if his objection to this aspect of the PSR was overruled, and that he discussed the right to appeal and the timelines associated with an appeal, but that petitioner "never indicated or expressed to me a desire to appeal, either before or after sentencing." Id. at ¶ 8.

In ruling on a section 2555 motion, a court must hold a hearing "[u]nless the motion and the files and records of the case conclusively show that the petitioner is entitled to no relief." 28 U.S.C. § 2555(b). To be entitled to a hearing with respect to claims of ineffective assistance of counsel, petitioner "need establish only that he has a 'plausible' claim of ineffective assistance of counsel, not that he will necessarily succeed on the claim." Puglisi v. United States, 586 F.3d 209, 213 (2d Cir.2009) (internal quotation marks omitted).   Although the court must "view[ ] the

evidentiary proffers, where credible, and the record in the light most favorable to the petitioner," the court "need not assume the credibility of factual assertions ... where the assertions are contradicted by the record in the underlying proceeding." Id. at 214. Where petitioner offers only generic or unsubstantiated assertions of ineffective assistance of counsel, the court "may properly rely on his or her knowledge of the record and may permissibly forgo a full hearing and instead request letters, documentary evidence, and affidavits to aid in its resolution of the claim." Id. at 215. If these submissions show "that the particular petitioner had no chance of overcoming counsel's detailed explanation," a full-fledged evidentiary hearing is not required. Id.

As briefly discussed above, the court specifically recollects that it advised petitioner of his right to appeal, informed him of the time within which he must file a notice of appeal, and further advised him to discuss his appellate rights with his attorney. While no transcript was ordered in the underlying criminal action as no appeal was filed, the court recollects that such advice was provided as it is by the court to every defendant it sentences. More importantly, the affidavits the court has before it do not present an issue of fact inasmuch as they *are* consistent: petitioner avers that he "assumed he realized I wanted to appeal" and counsel states that petitioner "never indicated" that he wanted to appeal. Thus, it is clear to the court that petitioner never requested that his attorney file an appeal as petitioner's claim is based on an assumption, not a directive. Counsel simply cannot be ineffective for failing to lodge an appeal where his client never instructed him to do so.

To prevail on a § 2255 claim of ineffective assistance of counsel, a petitioner has the burden of establishing both (1) that defense counsel's performance was deficient, in that counsel's "representation fell below an objective standard of reasonableness" as measured by prevailing professional norms," and (2) that this deficient performance prejudiced the petitioner. Strickland

v. Washington, 466 U.S. 668, 687-88, 694 (1984). There is no professional requirement that an attorney somehow read his client mind and file an appeal where the client, after being advised of such right by the court and his counsel, fails to ask or in any manner direct his attorney to notice an appeal. Counsel has a duty to file an appeal when a client unequivocally requests to appeal, and prejudice is presumed if counsel "disregards specific instructions from the defendant to file a notice of appeal." Roe v. Flores-Ortega, 528 U.S. 470, 477, 483 (2000); United States v. Poindexter, 492 F.3d 263, 268-69, 273 (4th Cir. 2007). Both affidavits the court has before it lead the court to conclude that not only was there no "specific instruction" to appeal, there was no indication whatsoever from petitioner that he wanted to appeal this court's sentence. Thus, petitioner has not shown that he has "wrongly been denied the right to a direct appeal as the result of counsel's ineffective assistance…." United States v. Glover, 363 Fed.Appx. 989, 991 (4th Cir. Feb. 2, 2010).

Next, the court has considered whether, in the absence of specific instruction, a rational defendant would want to appeal under the circumstances. Flores-Ortega, 528 U.S. at 479-80.[2] The court has considered whether the conviction followed a guilty plea, which limits the number of appealable issues and would be indicia of a defendant's desire to end judicial proceedings; whether the defendant was sentenced in accordance with his plea; and whether any grounds to appeal were reserved. Id. at 480. Here, petitioner pled guilty to the illegal reentry charge without the benefit of a written plea agreement. While he did not waive any appellate rights in so doing, he also did not seek to limit the government in seeking any enhancements or in any manner limiting his sentence within the applicable statutory maximum. In addition, petitioner received the lowest term

---

[2] The court will not further consider the second line of inquiry which asks whether defendant reasonably demonstrated to counsel an interest in appealing inasmuch as there is absolutely no evidence that petitioner did so in any manner.

of imprisonment within the applicable advisory guidelines range and he made "no indication what so ever of any desire to appeal" despite being advised of his appellate rights by this court and by his attorney. The court has also taken into consideration that it was not until January 2015 that petitioner raised any concern as to the performance of counsel, which was 18 months after his Judgment became final. Had petitioner come to the court in August 2013 alleging a failure to notice an appeal in July 2013, such diligence would provide the court with indicia that he in fact wanted to appeal the sentence. Further, petitioner does not have any non-frivolous basis for appeal as the court discussed in its Initial Screening Order. Indeed, the only issue requiring more than passing scrutiny is his claim that his California conviction did not result in a two year sentence; however, as the statute he requested indicated, the *minimum* sentence for such conviction was two years and the information contained in the PSR unequivocally indicated to this court that petitioner in fact received a qualifying sentence after he violated his probation. In relevant part, the revised PSR provided as follows:

> According to DCI and California automated records, the defendant was sentenced to 2 years in custody for this charge, and at the same time he was sentenced to two years imprisonment for Possession of a Controlled Substance and two years imprisonment for Unlawful Taking of an Automobile, all such terms to run concurrently. Documentation is available for defense council [*sic*] to review. It is noted that the defendant did not object to the inclusion of this sentence in his prior Presentence Report. No changes or revisions are recommended.

PSR (#16) at 14. Thus, having considered the factors provided by the Court in Flores-Ortega, the court cannot conclude that, in the absence of specific instruction, a rational defendant would want to appeal under circumstances where the sentence imposed was at the bottom of the guidelines and where the only basis for appeal would be one that is without merit. While not a Flores-Ortega factor, the court notes that counsel was privately retained and the desire to appeal in such

circumstances would be further diminished where it is the petitioner or his family that is footing the legal bill.

## DENIAL OF A CERITIFICATE OFAPPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this court declines to issue a certificate of appealability as petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Miller -El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484–85 (2000) (in order to satisfy § 2253(c) when court denies relief on procedural grounds, a petitioner must demonstrate both that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right).


## ORDER

**IT IS, THEREFORE, ORDERED** that the government's Motion to Dismiss, contained in its Response (#9), is **GRANTED** and the petition (#1) is **DISMISSED** with prejudice. All other pending motions are termed as moot.


Signed: August 31, 2015

Max O. Cogburn Jr
United States District Judge